BEAUMONT TRACTION COMPANY V. J. L. HAPP.

Decided November 8, 1909.

**1.—Personal Injuries—Collision of Street Cars—Pleading.**

In a suit for damages for personal injuries sustained by plaintiff while riding upon the bumper of a street car, pleading of plaintiff considered, and held not to show prima facie negligence or assumed risk on his part, and hence not subject to general demurrer.

**2.—Same—Charge—Practice.**

Where a charge is correct as far as it goes but fails to submit a phase of the case which appellant deems important, appellant can not complain in the absence of a request for a charge covering the point.

**3.—Street Car—Passenger.**

Evidence considered and held to show that plaintiff was a passenger on a street car although riding on the bumper on the outside of the car, and hence entitled to the care due by a carrier to a passenger.

**4.—Contributory Negligence—Burden of Proof—Charge.**

Upon an issue of contributory negligence the court charged the jury as follows: "But the burden of proof to establish contributory negligence as pleaded by defendant, rests upon the defendant, but in determining whether defendant has discharged such burden you will look to all the facts and circumstances introduced in evidence before you regardless of whether the same were introduced by the plaintiff or the defendant or both." Held, not materially different in legal effect from a charge that the jury should look to all such evidence in determining whether plaintiff had been guilty of contributory negligence.

**5.—Appeal—Brief—Rule 31.**

When assignments of error and the propositions thereunder are not followed by statements from the record sufficient to explain and support the proposition, the assignments are not entitled to consideration.

**6.—Assumed Risk—Evidence—Charge.**

In the absence of evidence that the bumper of a street car was a place of obvious and certain danger, it was not error for the court to refuse an instruction that the bumper of a car was a dangerous place for a person to attempt to ride upon, and that the plaintiff, who was injured while riding thereon, assumed the risk of danger of such position, although he was there by invitation of the defendant.

Appeal from the District Court of Jefferson County.   Tried below before Hon. L. B. Hightower, Jr.

*Crook, Lord & Lawhon* and *J. S. Wheless,* for appellant.—Since the evidence in the case disclosed the fact that the plaintiff was not riding upon the car of the appellant in a place provided for the accommodation of passengers, but in a place of danger; and that he was riding in such position contrary to the orders, rules and directions of the company, he was not at the time he was injured a passenger, and that part of the charge of the court which imposed upon the appellant company the necessity of proving that it exercised on this occasion that degree of care which the carrier of passengers owes to passengers, as such, was erroneous; the only duty imposed, under the circumstances, being to exercise ordinary care and prudence for appellee's protection.   St. Louis & Southwestern Ry. v. Rice, 29 S. W., 525; Seymour v. Citizens Ry. Co., 21 S. W., 741; Wills v. Lynn & B. Ry. Co., 129 Mass., 351; 2 Am. & Eng. Enc. Law, 766; City Ry. Co. v. Lee, 50 N. J. Law, 435, 14 Atl., 883.

In order to be a passenger a person must take a position on the car provided for passengers, and those taking positions not provided for passengers are not such.   Missouri, K. & T. Ry. Co. v. Williams, 91 Texas, 258; Wilcox v. San Antonio & A. P. Ry. Co., 33 S. W., 379; Texas & Pacific Ry. Co. v. Black, 27 S. W., 118; International & G. N. R. R. Co. v. Cooper, 32 S. W., 517; Houston & T. C. Ry. Co. v. Moore, 49 Texas, 47; International & G. N. R. R. Co. v. Cock, 68 Texas, 717; Gulf, C. & S. F. Ry. Co. v. Campbell, 76 Texas, 174; Cook v. Direct Nav. Co., 76 Texas, 353; Hutchinson on Carriers, p. 554; Chicago & E. R. Co. v. Field, 34 N. E., 406; Burns v. Chronister Lumber Co., 87 S. W., 163; Dallas Ry. Co. v. McAllister, 90 S. W., 933; Rucker v. Mo. P. Ry. Co., 61 Texas, 499.

The undisputed evidence in the case shows that the bumper of an electric street car is not a place provided for the accommodation of passengers, but is placed upon the car to meet the impact of collisions, and that it is a place of obvious and certain danger to any person who might attempt to ride upon it, and it was error for the court to submit to the jury that it was not negligence on the part of the appellee to ride in such position if they believed from the evidence that an ordinarily prudent person would have ridden there under the same or similar circumstances.   St. Louis & Southwestern Ry. v. Rice, 29 S. W., 525; Texas & P. Ry. Co. v. Boyd, 24 S. W.,

1086; Texas & P. Ry. Co. v. Black, 27 S. W., 118; International & G. N. R. R. Co. v. Cock, 68 Texas, 718; Houston & T. C. Ry. Co. v. Clemmons, 55 Texas, 88; Burns v. Chronister Lum. Co., 87 S. W., 163; Dallas Ry. Co. v. McAllister, 90 S. W., 933; Wilcox v. San Antonio & A. P. Ry. Co., 33 S. W., 379; Rucker v. Missouri Pac. Ry. Co., 61 Texas, 499; El Paso Electric Co. v. Kitt, 90 S. W., 678; Missouri, K. & T. R. R. Co. v. Eyer, 70 S. W., 529; Bard v. Penn. Trac. Co., 53 Am. St. Rep., 672; Pennsylvania Ry. v. Langdon, 37 Am. Rep., 651; Neiboer v. Detroit Elec. Ry., 87 N. W., 626; Carroll v. Interstate R. R. Co., 17 S. W., 889; Fisher v. W. Va. & P. Ry. Co., 19 S. E., 581; 9 Century Dig., Title Carriers, sec. 1371.

The plaintiff's evidence in this case raised the issue of contributory negligence, and in such cases it is error for the court to charge that the burden of proof is upon the defendant to establish this fact without at the same time instructing the jury that in determining the issue they shall look to all the evidence in the case, whether introduced by the plaintiff, defendant, or both, and the form of the charge upon this point is erroneous and misleading, since the jury was instructed that they might look to all the evidence in the case in determining whether the defendant had discharged a burden imposed upon it, rather than that they should look to all the evidence in the case in determining whether or not the plaintiff was guilty of contributory negligence, the court in no part of its charge having instructed them what is meant by the burden of proof. Gulf, C. & S. F. Ry. Co. v. Sheider, 88 Texas, 162; Gulf, C. & S. F. Ry. Co. v. Hill, 69 S. W., 136; Texas & P. Ry. Co. v. Reed, 88 Texas, 439; Texas & P. Ry. Co. v. Geiger, 79 Texas, 21; St. Louis S. W. Ry. Co. v. Martin, 63 S. W., 1089; Gulf, C. & S. F. Ry. Co. v. Allbright, 26 S. W., 250; Denison & S. Ry. Co. v. Carter, 71 S. W., 292.

The petition and evidence of the defendant established a prima facie case of contributory negligence, and under the circumstances it was error for the court to charge that the burden of proving contributory negligence was on the defendant. Gulf, C. & S. F. Ry. Co. v. Sheider, 88 Texas, 162; Gulf, C. & S. F. Ry. Co. v. Hill, 69 S. W., 136; Texas & P. Ry. Co. v. Reed, 88 Texas, 439; Gulf, C. & S. F. Ry. Co. v. Howard, 75 S. W., 805; Gulf, C. & S. F. Ry. Co. v. Scott, 27 S. W., 827; Sanches v. San Antonio & A. P. Ry., 27 S. W., 922; Houston & T. C. Ry. v. Sympkins, 54 Texas, 618; Texas & P. Ry. Co. v. Geiger, 79 Texas, 21; St. Louis S. W. Ry. Co. v. Martin, 63 S. W., 1089; Gulf, C. & S. F. Ry. Co. v. Allbright, 26 S. W., 250; Baker v. Ashe, 80 Texas, 361; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 284; Missouri, K. & T. Ry. Co. v. Williams, 91 Texas, 258; Wilcox v. San Antonio & A. P. Ry. Co., 33 S. W., 379; Houston & T. C. Ry. Co. v. Clemmons, 55 Texas, 88; Texas & P. Ry. Co. v. Boyd, 24 S. W., 1086; St. Louis S. W. Ry. v. Rice, 29 S. W., 525; El Paso E. Co. v. Kitt, 90 S. W., 678; Burns v. Chronister Lumber Co., 87 S. W., 163; Dallas Ry. Co. v. McAllister, 90 S. W., 933; Rucker v. Missouri Pac. Ry. Co., 61 Texas, 499; Harding v. Phila. R. T. Co., 10 L. R. A. (N. S.),

352; Teitz v. International R. Co., 10 L. R. A. (N. S.), 357; Thanc
v. Scranton T. Co., 71 Am. St. Rep., 767; Bard v. Penn. T. Co., 53
Am. St. Rep., 672; Neiboer v. Detroit E. Ry., 87 N. W., 626.

(Eleventh Assignment of Error.)—The court erred in giving special instruction No. 1, requested by the plaintiff, which instruction reads as follows:

"At the request of the plaintiff you are further instructed that in taking the position on the bumper of defendant's car, as he did, he assumed such risks and only such risks as were incident to the careful, ordinary operation of the car of the defendant, but plaintiff did not by occupying such position assume the risk of anything that might occur on account of the negligence of the defendant, if any."

The court in paragraph four of his general charge, charged the jury as follows:

"Now, if you believe from the evidence that the plaintiff in riding and being upon the 'bumper' of defendant's car, where he was at the time he was injured, was guilty of contributory negligence, as above defined; in other words, if you believe from the evidence that an ordinarily prudent person would not have assumed the position on defendant's car that was assumed by the plaintiff, that is, on the bumper of said car, under all the circumstances existing at the time he did so, then I instruct you that the plaintiff can not recover, even though you shall believe that the defendant was guilty of negligence as above submitted for your consideration," etc.

In paragraph five of the main charge the jury were instructed:

"You are further instructed that if you shall believe from the evidence that the position in which the plaintiff was riding at the time he was injured, that is to say, the bumper of the car on which he was standing, was a place of obvious and apparent danger for a passenger on a street car to ride while such cars are being operated in the usual, natural and proper way, then you are instructed that the plaintiff can not recover, even if you should believe from the evidence that the defendant's conductor in charge of said car knew that plaintiff had assumed such position," etc.

These charges are conflicting, misleading, contradictory and confusing, and under them, although the jury may have concluded that the position on the bumper was one of obvious and apparent danger, yet if they concluded from the evidence that the defendant had been in any particular negligent in the operation of its cars that they should find against the defendant; and this, whether such negligence would have resulted in any injury to the plaintiff if he had been in any other position than the one he occupied on the car or not. St. Louis & S. W. Ry. Co. v. Rice, 29 S. W., 525; Wilcox v. San Antonio & A. P. Ry. Co., 33 S. W., 379; Missouri, K. & T. Ry. Co. v. Williams, 91 Texas, 258; Texas & P. Ry. Co. v. Boyd, 24 S. W., 1089; Houston & T. C. Ry. Co. v. Clemmons, 55 Texas, 90; Gulf, C. & S. F. Ry. Co. v. Gray, 25 Texas Civ. App., 99; Houston & T. C. Ry. Co. v. Richards, 59 Texas, 377; San Antonio & A. P. Ry. Co. v. Wallace, 76 Texas, 636; Mercher v. Texas Midland Ry. Co., 85 S. W., 468; Burns v. Chronister Lum. Co., 87 S. W., 163; Dallas Ry. Co. v. McAllister, 90 S. W., 933; Rucker v. Missouri Pac.

Ry. Co., 61 Texas, 499; Baltimore & P. Ry. Co. v. Jones, 95 U. S., 439; Gulf, C. & S. F. Ry. Co. v. Lovett, 7 Texas Ct. Rep., 721; Thane v. Scranton T. Co., 71 Am. St. Rep., 767; Pennsylvania Ry. Co. v. Langdon, 37 Am. St. Rep., 651; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 277; Baker v. Ashe, 80 Texas, 356.

*V. A. Collins* and *Smith, Crawford & Sonfield,* for appellee.—The petition shows the plaintiff to be free of contributory negligence and carried the issue to the jury to be determined by the facts. Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 82; Bonner v. Glenn, 79 Texas, 532; San Antonio Traction Co. v. Bryant, 70 S. W., 1015; Gaunce v. Gulf, C. & S. F. Ry., 48 S. W., 525; Gulf, C. & S. F. Ry. v. Phillips, 74 S. W., 793; St. Louis S. W. Ry. v. Ball, 66 S. W., 879; Missouri, K. & T. Ry. v. Avis, 91 S. W., 878, 93 S. W., 424; Railway v. Morgan, 98 S. W., 408; Moore v. Northern Traction Co., 95 S. W., 652; International & G. N. R. R. v. Williams, 50 S. W., 732; Williams v. International & G. N. R. R., 67 S. W., 1085; Atchison, T. & S. F. R. R. v. Sowers, 99 S. W., 190; Elliott v. Newport Street Ry., 23 L. R. A., 208; Watson v. Portland & C. E. R. R. Co., 44 L. R. A., 157 (Maine); Parks v. St. Louis & Suburban R. R. Co., 77 S. W., 70 (Mo.); City Ry. Co. v Lee, 7 Am. St. Rep., 800 (N. J.); Wellmeyer v. St. Louis Transit Co., 95 S. W., 925 (Missouri).

The court did not assume that the appellee was a passenger on appellant's car, but submitted the question to the jury and the evidence conclusively shows that appellee was a passenger and that appellant company was charged with the exercise of that degree of care toward appellee which the carrier owes to passengers as such. San Antonio Traction Co. v. Bryant, 70 S. W., 1015; Missouri, K. & T. R. R. v. Avis, 91 S. W., 877 (Supreme Court), 93 S. W., 424; Willmot v. Corrigan Con. Street Ry. (Mo.), 17 S. W., 490; Parks v. St. L. & S. Ry. Co. (Mo.), 77 S. W., 70; Seymour v. Citizens Ry. Co. (Mo.), 21 S. W., 739.

Whether or not it was negligence on the part of appellee to ride on the bumper of the car under all the circumstances existing at the time he did so, was a question of fact to be determined by the jury. San Antonio & A. P. Ry. Co. v. Choate, 90 Texas, 82; Missouri, K. & T. R. R. v. Avis, 91 S. W., 878; San Antonio Traction Co. v. Bryant, 70 S. W., 1015; Gulf, C. & S. F. R. R. v. Phillips, 74 S. W., 793; Galveston, H. & S. A. v. Patillo, 101 S. W., 498; Houston & T. C. R. R. v. Johnson, 103 S. W., 239; Railroad v. Morgan, 98 S. W., 408; Atchison, T. & S. F. R. R. v. Sowers, 99 S. W., 190; Parks v. St. Louis, etc., Ry., 77 S. W., 70 (Mo.); Elliott v. Newport St. Ry., 23 L. R. A., 208; Watson v. Portland & C. E. R. R. Co., 44 L. R. A., 157; City Ry. Co. v. Lee, 7 Am. St. Rep., 800 (N. J.).

Neither the petition nor the evidence of the plaintiff establishing a prima facie case of contributory negligence, the court properly instructed the jury that the burden of proving contributory negligence was on the defendant and that in determining whether the defendant had discharged such burden they should look to all the facts and

circumstances introduced in evidence regardless of whether the same was introduced by the plaintiff or defendant, or both. Gulf, C. & S. F. Ry. v. Sheider, 88 Texas, 162; Gulf, C. & S. F. Ry. v. Melville, 87 S. W., 863; St. John v. Gulf, C. & S. F. Ry. Co., 80 S. W., 235; El Paso Electric Ry. Co. v. Ryan, 114 S. W., 906; Gulf, C. & S. F. Ry. v. Booth, 97 S. W., 128; Pares v. St. Louis S. W. Ry., 57 S. W., 301; Missouri Pac. Ry. Co. v. Foreman, 46 S. W., 834.

McMEANS, ASSOCIATE JUSTICE.—Appellee J. L. Happ brought this suit against the appellant, Beaumont Traction Company, a corporation operating a system of electric street cars in the city of Beaumont, to recover damages for personal injuries sustained by him in a collision between cars of said company. The case was tried before a jury and resulted in a verdict and judgment for plaintiff in the sum of $12,220. From an order overruling appellant's motion for a new trial this appeal is prosecuted.

The evidence adduced at the trial justifies the following conclusions of fact: On November 7, 1906, about 7:30 o'clock in the evening, it being then dark, a car of appellant, operated by its servants and on its way to the circus grounds, stopped at the postoffice in Beaumont and several persons boarded the car. The car was overcrowded so that room could not be found for other passengers inside, and the platform and steps were full of people. Appellee, knowing that the car was crowded and not being able to get on the steps or platform and desiring to go to the circus grounds, took his position on the bumper or buffer of the car, which is a rim protruding around the rear platform of the car, and which is about six inches wide and four inches thick, and is not designed for the accommodation of passengers, but placed on the car to meet the impact of collision; and placing his feet on the rim, leaned his body through an open window in the rear vestibule of the car, so that while a portion of his body was on the outside his head and the upper portion of his body were on the inside. When appellee got upon the bumper others were riding there, and others afterwards got upon it, crowding plaintiff to such a degree as to prevent his turning around or looking behind him. In this condition the car was started down Calder Avenue toward the show grounds. Before the car reached Magnolia Street appellant's servant, the conductor, went through the car taking up fares and collected fare from appellee and the others riding on the bumper, but made no objection to appellee and others riding in that position, but told them "to be careful." There were other cars ahead of the one on which appellee was riding, and others following it, all headed for the circus grounds, but the evidence justifies the conclusion that appellee could see in neither direction, and did not in fact know of the proximity of the other cars. When Magnolia Street was reached the cars were halted; and in order to let empty cars, returning from the circus, pass, it became necessary to move back the car upon which appellee was, as well as the one just in front of it, and the one just behind it. Appellant's general manager, F. J. Duffy, was at this point personally supervising the movement of the cars, and gave orders to the motorman to back up

their cars so that the empties could pass. There was testimony tending to show that he gave notice to the persons riding on the bumper that the cars were to be backed and that he directed them to get off the bumper on that account, but the evidence justifies the conclusion that such notice and direction were not heard by appellee, and that he did not in fact know that the car was to be moved backward or that another car was standing a short distance behind him; and if the notice was in fact given it was not given in sufficient time to permit appellee to get off the bumper and to a place of safety before the car upon which he was riding backed against and collided with the one which had stopped a short distance behind it. There was a conflict in the evidence as to whether the car upon which plaintiff was riding was moved backward by its own power applied by the motorman, or by the car just in front of it backing and coming in collision with it, but the evidence justifies the finding that the motorman set the car in motion in obedience to the orders of the general manager, Duffy, and in support of the verdict we so find. The testimony was also conflicting as to whether passengers were allowed to ride on the bumper of cars, and on this point the general manager testified that he had given orders to conductors to not permit passengers to ride there, and that on that day he had tried to prevent it, and in this he was corroborated by several conductors and an ex-employe and perhaps by other persons, but on the other hand it was shown that if there was any such prohibition appellee had no knowledge of it; that he had ridden there and has seen others ride there many times on the occasion of fairs, baseball games and circuses, when large crowds were in town such as on the day of the circus when he was injured. On this point it was shown that the appellant had issued a book of rules, copies of which it furnished to its conductors and motormen, and that one of the rules is as follows:

"10. Riding on outside of car. Passengers must not be permitted to ride on the steps or rear buffer of a car unless overcrowded so that room can not be found for them inside; and under no circumstances will women or small children be permitted to ride there."

Again, it was shown that about a year before plaintiff was hurt, on the occasion of a visit of a circus to Beaumont, appellant's general manager, Duffy, issued a written order governing the running of cars on that day, in which he directed that "Trainmen must not permit passengers to ride in the window or on the roof or bumper of cars," and that on the occasion of the circus, on the day plaintiff was hurt, he also issued a written order governing the management of cars on that day, but omitted any mention of a prohibition against riding on the bumpers. It was shown by the conductor of the car that on the day of plaintiff's injury the cars going out to the circus grounds were usually crowded, and that when this was so passengers rode on the bumpers and that he did not try to prevent it, but would take their fares and warn them to be careful. In deference to the verdict we conclude that on the day in question appellee was permitted by appellant to ride on the bumper of the crowded car

upon which he took passage, and that in riding there as he did he was a passenger and entitled to the care and protection due by a common carrier to its passengers.

When the car on which appellee was riding backed into the car behind it, his leg was caught between the bumpers and so badly injured as to require amputation. The car was backed suddenly, and appellee did not know that it was to be moved backward until it was in motion, and he did not know that a collision with another car was imminent until it was too late to avoid injury. While it was safer to ride on the inside of a car or upon the platform or steps, the bumper was not an unsafe place to ride when the car was being operated with proper care in the usual and ordinary way, nor was riding there obviously dangerous.

There was also a conflict in the testimony as to whether appellee at the time of and just before the injury was in an intoxicated condition, but in support of the verdict we find that he was not intoxicated.

We conclude that appellee's injury was the result of negligence of appellant, and that he was not guilty of contributory negligence, and that his injury did not result from any risk assumed by him in riding on the bumper.

Plaintiff in his petition made the following allegations:

"First. That on or about the 7th day of November, 1906, the plaintiff became a passenger on one of the defendant's cars some time about dark in the evening, for the purpose of going out on its Calder Avenue line; that defendant's car was bound for the circus grounds, where a circus was giving or going to give a performance, and that said car was very crowded with people, and notwithstanding the crowded condition of said car the defendant and its agents and employes in charge of said car would stop at the usual places and permit and invite other passengers to board same; that with the knowledge, consent and at the invitation of the defendant this plaintiff got on one of the cars of defendant, as above stated, but on account of its crowded condition, the only place he found where he could ride was on the back end and on the outside of the back platform of said car, where he could stand on the rim around said platform, where a number of other passengers were standing; that while in this position the car passed up on Calder Avenue en route to the circus grounds; that when said car had passed over or was about to pass over and across Magnolia Avenue, said car was stopped by defendant's employes in charge of the same and was caused by the said defendant's employes to be run backward so that it collided with one of defendant's cars, which was following along behind it; that plaintiff believed, and had reason to believe, that the cars would stop before they collided, he, as defendant knew, not being in a position to know of the collision, and the collision took place so suddenly that plaintiff was unable to get out of the way quick enough to avoid being caught between the cars, so that his leg and foot were caught between the two cars and mashed and crushed so that it was necessary, in order to save his life, that his leg be amputated.

"Second. That plaintiff's injury was caused by the negligence and carelessness of defendant and its agents and employes, in this, to wit: In causing the car which plaintiff was riding on to move backward so as to collide with the car following it, knowing as defendant's employes did, that plaintiff and others were riding where he was, and in not allowing the plaintiff to get off the car before running it backward into the other car, and in not giving him warning in time to clear himself from the impact caused by the collision.

"Third. Plaintiff further shows that he did not know that the car following the one on which he was a passenger was approaching or was coming close enough for a collision until just before the cars collided; for, he says, there were other passengers crowded on the rim or railing around the platform where he was, and prevented him from seeing behind him, all of which was known to defendant's agents, or could have been known by the exercise of reasonable care, and he did not know or have warning of the coming together of the said cars until there begun a general scramble on the part of the other passengers crowding around and over him to get out of the way, and he did attempt to get out of the way as soon as he had any intimation that there was likelihood of a collision, but by the utmost effort he was not able to clear himself in time, so that he was hurt seriously on account of the negligence and carelessness, as aforesaid, of the defendant, while he himself was in the exercise of due care and while occupying a place of safety where he would have remained unharmed, except for the negligence of the defendant, as aforesaid."

A general demurrer was urged to the petition and overruled, and this ruling of the court is made the basis of appellant's first assignment of error. The assignment is without merit. There were no allegations in the petition which, in legal effect, showed *prima facie* negligence upon the part of appellee as a matter of law, nor from which it can be said that his injuries resulted from risks which he assumed in riding where he did. On the other hand, the petition expressly negatives such negligence and assumption of risk. The assignment is overruled.

The eighth assignment of error complains of the third paragraph of the court's general charge, which is as follows: "If you shall believe from a preponderance of the evidence before you that on or about the 7th day of November, 1906, the plaintiff, J. L. Happ, was a passenger upon one of the defendant's street cars in the city of Beaumont; and you further believe from the evidence that when such car approached the crossing of Calder and Magnolia Streets in said city, the same was caused by the defendant's agents or employes in charge of such car to be stopped, and thereupon another car of defendant's said Calder line approached from the rear of the car on which plaintiff was riding, and came up in close proximity to plaintiff's said car, and that thereupon the defendant's manager, F. J. Duffy, was present and caused the car on which plaintiff was riding to be backed and come in contact with said car, which had approached from the rear, and at the time the said F. J. Duffy did so he knew that the plaintiff or other persons were standing on the

bumper or the rear end of said car which he (the said Duffy) caused to be backed, as aforesaid; and if you further believe from the evidence that said car was caused to be backed suddenly and to come in contact with said car from the rear before plaintiff had time to alight from said position after he knew, or ought to have known, that said car would be so backed; and if you further believe from the evidence that the said F. J. Duffy in so causing said car on which plaintiff was riding to be so backed in the manner and under the circumstances which he did, failed to use that degree of care which a very prudent and cautious person would have used under the same or similar circumstances, and that plaintiff's leg was thereby caught between said cars so caused to come in contact, and was thereby injured; and if you further believe from the evidence that the act of the said F. J. Duffy in so causing said cars to be so backed and come in contact with said car from the rear, was the proximate cause of said injury, as above defined, then you are instructed to return a verdict in favor of the plaintiff, unless you shall find in favor of the defendant under other instructions given you."

The first proposition under this assignment is that it was error for the court to base the charge alone upon one state of facts as presented by the evidence when there are other facts in evidence presenting another theory and making up a part of the defense to this suit. Upon this proposition appellant contends that inasmuch as there was evidence tending to prove that the backward movement of the car upon which plaintiff was riding was due to the acts of the appellant's foreman in causing the motorman to back the car, whereby the collision and injury occurred, and inasmuch as there was other evidence tending to prove that the backward movement of the car was due to another car in front of it backing up against it and knocking it back such a distance as to cause the collision and injury, the court should have not based his charge upon the cause first stated without also charging upon the second. The charge was correct as far as it went, and submitted an issue raised by the pleadings and proof. If not satisfied with it appellant should have requested a charge covering the point.

By its second proposition under this assignment appellant contends that as the evidence shows that appellee at the time he was hurt was not a passenger, that part of the charge which imposed upon appellant the necessity of proving that it exercised the degree of care that a carrier owes to passengers was erroneous. Our conclusion of fact that the appellee was shown by the evidence to have been a passenger, disposes of this contention adversely to appellant. The assignment can not be sustained.

The tenth assignment complains of the following paragraph of the court's charge: "But the burden of proof to establish contributory negligence, as pleaded by defendant, rests upon the defendant; but in determining whether defendant had discharged such burden, you will look to all the facts and circumstances introduced in evidence before you regardless of whether the same were introduced by the plaintiff or the defendant or both."

Appellant contends that the vice in this charge consists in the

statement that the jury in determining whether defendant had "discharged such burden" should look to all the evidence whether introduced by either party or both, instead of instructing them that they should look to all such evidence in determining, not whether defendant had "discharged the burden," but whether plaintiff had been guilty of contributory negligence. We think the legal effect of the charge as given is not materially different from the charge which appellant contends should have been given. Certainly, the jury understood from it that they had the right in determining the issue of contributory negligence to look to all the evidence adduced, and were not limited to a consideration of that only which was offered by appellant. The charge sufficiently met the requirements of the law. But if we are mistaken in this, then we hold that the charge in question, when taken in connection with other portions of the main charge and special charges given at the request of defendant, was not calculated to mislead the jury. In the general charge the court instructed the jury:

"Now, if you shall believe from the evidence that the plaintiff, in riding and being upon the 'bumper' of defendant's car, where he was at the time he was injured, was guilty of 'contributory negligence,' as above defined; in other words, if you believe from the evidence that an ordinarily prudent person would not have assumed the position on defendant's car that was assumed by the plaintiff, that is, on the 'bumper' of said car, under all the circumstances existing at the time he did so, then I instruct you that the plaintiff can not recover even though you shall believe that the defendant was guilty of negligence, as above submitted for your consideration; or if you shall believe from the evidence that at the time the plaintiff was injured he was under the influence of intoxicating liquor, as alleged by defendant, to the extent that he was thereby deprived of the capacity to use care for his own safety and protection as an ordinarily prudent person, if sober, would have used while situated as plaintiff was at the time, and that but for such intoxication the plaintiff would never have been injured, then you are instructed that the plaintiff can not recover; or if you shall believe from the evidence that before or at the time that the car on which he was riding was caused to be backed as aforesaid, the defendant's manager, F. J. Duffy, warned the plaintiff, and persons on the 'bumper' of said car at said time, to get off of said car, and that such warning was in time to have enabled the plaintiff to heed the same and comply therewith before being injured as he was, and that the plaintiff failed to heed such warning after hearing same, then you are instructed that the plaintiff can not recover. Because, in either of such events, the plaintiff would be guilty of contributory negligence which would bar his recovery, even if you should believe that the defendant was guilty of negligence as above submitted for your consideration, and this would be so, although you may believe from the evidence that the plaintiff was riding upon the 'bumper' with the knowledge and consent of the defendant's conductor in charge of such car and had paid his fare as a passenger thereon.

"You are further instructed that if you shall believe from the

evidence that the position in which plaintiff was riding at the time he was injured, that is to say, the 'bumper' of the car on which he was standing was a place of obvious and apparent danger for a passenger on a street car to ride while such cars are being operated in the usual and natural and proper way, then you are instructed that the plaintiff can not recover, even if you should believe from the evidence that the defendant's conductor in charge of said car knew that plaintiff had assumed such position, and even though the said conductor permitted plaintiff to remain in such position and collected his farè as a passenger on such car; and this would be so whether or not there was room inside of such car for plaintiff to ride at the time, and in which event, if you so find the facts to be, your verdict must be for the defendant."

The court also gave defendant's special charges Nos. 7, 11 and 13, which are as follows:

"7. You are charged that the evidence shows that plaintiff assumed and remained in a position on the rear bumper of the car between other persons standing on either side of him. Now, if you believe from the evidence that the presence of such persons on either side of plaintiff prevented him from seeing the approach of the other car, and prevented him from learning the danger of the collision in time to leave his place on the 'bumper;' or that the presence of such persons interfered with plaintiff's leaving the car in time, and that in assuming this position and remaining there, he was guilty of contributory negligence which was the proximate cause of the injuries (as those terms have been defined in other instructions) then you will find for defendant, notwithstanding you may believe from the evidence that the defendant was guilty of negligence on its part."

"11. At the request of the defendant you are instructed that it was the duty of the plaintiff Happ to use ordinary care in keeping a lookout for danger and accidents, taking into consideration his position on the rear bumper or buffer of defendant's street car, and if you believe that the plaintiff could have, by the use of ordinary care, seen the car behind him in time to have removed to a place of safety and have averted the accident, you will find for the defendant."

"13. It was plaintiff's duty to exercise ordinary care, as defined in the main charge, for his own safety, and the failure to use such care will bar a recovery where it is the proximate cause of the injury. You are further instructed that voluntary intoxication is not an excuse for the failure to use ordinary care. Therefore, if you believe from the evidence that plaintiff was under the influence of intoxicants at the time he was injured, so that he did not and could not heed the warning given him, if any, or did not and could not realize the danger to which he was exposed by the backing of the car, and that in either of these respects he was negligent, and that such negligence, if any, contributed to the injury as a proximate cause thereof, you will find for defendant; notwithstanding you may also believe that the defendant was guilty of negligence."

Gulf, C. & S. F. Ry. Co. v. Howard, 96 Texas, 582; Houston &

T. C. Ry. Co. v. Anglin, 99 Texas, 354; St. Louis S. W. Ry. Co. v. Groves, 97 S. W., 1085.

By its second proposition under this assignment appellant contends that the petition and evidence established *prima facie* contributory negligence on the part of appellee, and under the circumstances it was error for the court to place the burden of proving contributory negligence upon appellant. Our conclusion of fact disposes of this proposition adversely to appellant's contention. At most the evidence only raised the issue of contributory negligence; and defendant having pleaded this issue as a defense, the burden was upon it to prove it, and the court properly so instructed the jury. Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 162; Houston & T. C. Ry. Co. v. Anglin, 99 Texas, 355. The assignment is overruled.

There is no merit in the contention that the special charge requested by the plaintiff and given by the court, on the issue of assumed risk, is contradictory and conflicting with the main charge, and misleading and confusing, as complained in appellant's eleventh assignment. The special charge embodied the law as applicable to the facts, and the assignment and the several propositions thereunder are overruled.

Appellant's twelfth, thirteenth, fourteenth, fifteenth, nineteenth, twentieth, twenty-second, twenty-third, twenty-fourth, twenty-seventh and twenty-eighth assignments with their propositions are not followed by any statements sufficient to explain and support the propositions, as required by rule 31, and are not, therefore, entitled to consideration. However, we have examined the assignments and have concluded that were we required to pass upon them we would hold that no reversible error is pointed out in any of them.

There was no error in refusing to instruct the jury as requested by appellant in its seventeenth special charge. By it appellant sought to have the jury instructed that the bumper of a car was a dangerous place for persons to attempt to ride, and that plaintiff assumed the risk of danger of such position when he attempted to ride upon the bumper of the car in question, although he was there by invitation of the defendant. The evidence did not disclose that the bumper was a place of obvious and certain danger in any event, but on the contrary, was sufficient to authorize a finding that it was not a place of danger in the ordinary and proper operation of the car. The issue was properly submitted to the jury by the court in its charge. The assignment is overruled.

The twenty-sixth assignment complaining that the verdict and judgment are contrary to the law and the evidence, in that plaintiff's own testimony showed that he was guilty of contributory negligence as a matter of law, is likewise without merit and is overruled.

Our findings of fact disposes of appellant's thirtieth, thirty-first, thirty-second and thirty-third assignments of error, which complain of the action of the trial court in overruling its motion for a new trial for the several reasons stated in the assignments and propositions, adversely to appellant's contention, and they are severally overruled.

The other assignments presented for a reversal, which have not been specifically alluded to, have been examined by us and we are of the opinion that no reversible error has been shown in any of them. We are of the opinion that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*

Writ of error refused.